## STATE *vs.* JULIUS A. PIRLOT.

### PROVIDENCE—NOVEMBER 6, 1897.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

An exception to a refusal to charge the jury as requested, if taken as early as possible, should be allowed, even though the jury may have retired.

If the court wish to modify its instruction to the jury they may be recalled for this purpose at any time before their verdict is returned.

Although one section of a statute declares certain acts, among others, to be unlawful, yet, if the section prescribing the penalty omit to provide a penalty for those specific acts, the jury should return their verdict for a defendant charged with committing those acts.

PETITION for new trial of an indictment.

MATTESON, C. J.   The indictment charges that the defendant did unlawfully practice medicine, for reward and compensation, without first having obtained a certificate from the State Board of Health, and without possessing any of the qualifications set forth in Gen. Laws R. I. cap. 165, § 3.

At the conclusion of the charge to the jury, in the trial in the Common Pleas Division, the defendant requested the justice presiding to charge that "if the jury find that the defendant received no reward or compensation for his ser-

vices, they must find for the defendant." The court refused the request, and instructed the jury to the contrary.

The record discloses that, as soon as the justice presiding had concluded his remarks concerning the request, he directed the jury to take the case, and they thereupon retired; that, immediately upon their retirement, the defendant's counsel excepted to the refusal of the court to grant his request, but the court refused to allow the exception, on the ground that as the jury had gone out the exception came too late.

We think that the exception should have been allowed, particularly as the defendant's counsel had no opportunity to take the exception earlier. 2 Elliott's Gen. Pr. 1048; 2 Thompson on Trials, 2802. The jury, not having returned its verdict, could easily have been called back, if the court, on further consideration, had wished to modify its instruction.

Gen. Laws R. I. cap. 165, § 2, makes it unlawful for any person to practice medicine or surgery who has not exhibited and registered, in the city or town clerk's office of the city or town in which he resides, authority for so practicing, as prescribed in section 3 of the chapter, to wit, a certificate from the State Board of Health. But while section 2 makes it unlawful to practice medicine or surgery without first exhibiting and having registered a certificate from the State Board of Health, as provided, section 8, which provides the penalty, limits the fine to the practice of medicine or surgery for *reward* or *compensation*. We think, therefore, that the court erred in refusing the defendant's request.

Defendant's petition for new trial granted, and case remitted to the Common Pleas Division.

*Willard B. Tanner, Attorney-General, and Charles F. Stearns, Assistant Attorney-General,* for the State.

*Cassius L. Kneeland,* for defendant.